IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANUEL SALCIDO-CORRAL,

        Plaintiff,

     vs.                               CIVIL ACTION
                                             No. 11-3092-SAC

LARRY HOSHAW, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis*

This motion is governed by 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the financial records supplied by the plaintiff, the court finds the average monthly deposit to plaintiff's account is $97.05, and the average monthly balance

is $27.41. The court therefore assesses an initial partial filing fee of $19.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.

*Screening*

Pursuant to 28 U.S.C. § 1915A, the court must screen a complaint brought by a prisoner seeking relief from a governmental entity or officer or employee of a governmental entity, and must dismiss the complaint, or any portion of it, if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a)-(b).

Plaintiff complains of discrimination, alleging he was moved from lower segregation into a higher level of segregation without cause. He also states that during the early part of his segregation, he was unable to place collect calls to his home. He seeks damages and transfer to another housing unit.

The grievances attached to the complaint suggest that plaintiff was transferred between living areas due to a lack of bed space in the lower security area and that plaintiff's Unit Team advised him that when space becomes available, they will make every effort to return him to the area he prefers. (Doc. 1, Attach. p. 4.) The responses also show that the plaintiff was advised to have his family contact their telephone company

2

to resolve the issue of whether his collect calls will be accepted. (Doc. 1, Attach. 1, pp. 13 and 18.)

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly-situated individuals in the same way. *See City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). In order to prevail on his claim of discrimination, plaintiff must show that any different treatment he received was not reasonably related to a legitimate penological interest. *See Templeman v. Gunter,* 16 F.3d 367, 369 (10th Cir. 1994).

As a prisoner, plaintiff enjoys "'only a narrow range of protected liberty interests.'" *Abbott v. McCotter,* 13 F.3d 1439, 1442 (10th Cir. 1994)(quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1982), *overruled in part on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995)). Relevant to this action, plaintiff does not enjoy a liberty interest in avoiding transfer to more harsh conditions of confinement. *See Hewitt,* 459 U.S. at 468 ("the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.").

Here, the transfer of plaintiff between segregated housing units to accommodate a need for bed space is a neutral,

legitimate exercise of authority.  Plaintiff has advanced only a bare claim of discrimination, and his claim is subject to dismissal.

Likewise, although plaintiff complains of difficulty in using the telephone, it does not appear that he can establish the infringement of any protected liberty interest.  "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Robinson v. Gunja*, 92 Fed. Appx. 624, 627-28 (10th Cir. 2004)(internal quotation omitted).  Here, the materials submitted by the plaintiff suggest prison authorities explained to him how to address the problem, and the record does not suggest there was any interference by those authorities with plaintiff's access to the telephone.

Because the court's initial review of the complaint suggests that plaintiff states no claim for relief, the court will direct plaintiff to show cause why this matter should not be dismissed for the reasons set forth.

*Motion for the appointment of counsel*

Plaintiff also moves for the appointment of counsel (Doc. 3).  A party in a civil action has no constitutional right to the assistance of counsel. *Bethea v. Crouse*, 417 F.2d 504, 505

(10th Cir. 1969). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

The court has considered these factors and determines the appointment of counsel is not warranted. As set forth in this order, the plaintiff's claims are subject to dismissal for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before July 18, 2011, plaintiff shall submit an initial partial filing fee of $19.00. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that on or before July 18, 2011, plaintiff shall show cause why this matter should not be dismissed for the reasons set forth in this order. The failure to file a timely response may result in the dismissal of this action without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 3) is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 16th day of June, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge